UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Kevin Boyer Hause,

        Plaintiff,

v.

Nancy Berryhill,
Acting Commissioner of
Social Security,

        Defendant.

No. 18-cv-00941

(Judge Mariani)

## MEMORANDUM

We consider here the Government's Motion to Dismiss (Doc. 9) the appeal of Plaintiff Kevin B. Hause from the Social Security Administration's denial of his claim for disability insurance benefits. The parties have briefed their positions (Docs. 10 and 16) and the motion is ripe for consideration.

The Government's motion is based on the premise that Plaintiff did not file his complaint (Doc. 1) within the time prescribed by the SSA for filing appeals from final decisions of that agency (sixty days from the Notice of Denial by the Appeals Council) and, as such, his claim should be dismissed. The Government places its primary reliance on *Bowen v. City of New York*, 476 U.S. 467 (1986). The Government states: "The Supreme Court has recognized that the sixty day limitation serves a practical function. In *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), the Court noted that '[I]n addition to serving its

customary purpose, the statute of limitations embodied in [42 U.S.C.] § 405 (g) is the mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.'" The Government also acknowledges, however, that equitable tolling of the statute of limitations is permissible when "deference to the agency's judgment is inappropriate." Bowen, supra, at 480.

The Courts task here is to determine whether the equities of this case require dismissal or leniency. To assist with this task we look closely at Bowen, a case in which the Supreme Court ruled that equitable tolling was appropriate because the agency had crafted a rule inimical to its mission and not communicated that rule to claimants or their attorneys. The Supreme Court observed: "The statute of limitations we construe in this case is contained in a statute that Congress designed to be 'unusually protective' of claimants. Heckler v. Day 467 U.S. at 106." Id. The Supreme Court then found that, while the agency's decision on whether to extend the limitations period for seeking judicial review will be appropriate in most cases, the decision to permit equitable tolling was not a "hard" case given the agency's conduct. Bowen, supra, at 487.

The instant case does not present a scenario involving agency abuse such as existed in Bowen. The context here is simply that Plaintiff received notice of the Appeals Council's denial on December 8, 2017. This denial triggered a time frame that required Plaintiff to file his complaint with this Court by February 12, 2018. Plaintiff's counsel, who did not represent Plaintiff at the administrative level, filed a written letter to the agency

requesting an extension of time to file a civil action on January 15, 2018. The agency did not promptly act on the request and ultimately denied it some eighty six days later on April 11, 2018, two months after the filing deadline. [1] Plaintiff then filed his complaint on May 4, 2018, almost three months later than permitted by the statute of limitations.

Plaintiff asserts that his ability to file the complaint was hampered by his inability to access the recording of the hearing transcript and that he never obtained it until the Appeals Council sent it, ironically, as an inclusion to its Notice of Denial on April 11, 2018. Plaintiff argues that "access to the hearing transcript was essential to determining whether there was a sufficient basis to file a complaint." (Doc. 16 at 2). The Government's filing does corroborate the fact that Plaintiff's counsel had requested a copy of the hearing transcript on January 15, 2018 - - some twenty eight days before the expiration of the limitations period. See Podraza Declaration (Doc. 10-1, Exhibit 3 at 2). The Government's filing also contains evidence that the agency's denial of Plaintiff's request for more time was partially based on the incorrect representation that Plaintiff's counsel "did not request a copy of the transcript or hearing recording." (Doc. 10-1, at 1). Had the agency functioned efficiently, it could have

---

[1] Plaintiff's counsel asserts that he spoke to "Hugo" at the Appeals Counsel on April 3, 2018 and was advised that the hearing transcript would be sent and the extension granted once it was processed. The Court does not assign relevance to this representation inasmuch as the time for filing the complaint had come and gone almost two months before the conversation with "Hugo" took place.

supplied Plaintiff's counsel with the hearing transcript in time for him to assess the propriety of an appeal within the statutory limitations period.

Bureaucratic inefficiency aside, Plaintiff's counsel could certainly have filed a complaint as a prophylactic measure within the allotted time and later voluntarily dismissed it if the hearing transcript provided no appropriate basis. Yet, in the context of an action brought pursuant to a statute designed to be "unusually protective" of claimants, we will not penalize Plaintiff Hause because his counsel presumed that an extension would be allowed. The Court also must observe that it habitually takes the agency three to four years to reach a final decision in social security disability cases. In light of that fact, it is patently unreasonable that Plaintiff's counsel was not granted a brief extension in the first place. Thus, we conclude that the doctrine of equitable tolling operates in this case to require denial of the Government's Motion to Dismiss. An Order consistent with this determination will be filed contemporaneously.

By the Court:

Robert D. Mariani
United States District Judge

Dated: February 25, 2019