# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN B. HAUSE,** | : |
| | : Civil Action No. 3:18-CV-0941 |
| **Plaintiff,** | : (JUDGE MARIANI) |
| | : |
| v. | : |
| | : |
| **ANDREW SAUL,** | : |
| **Commissioner of Social Security,**[1] | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

Here the Court considers the "Application for Attorney Fees Under the Equal Access to Justice Act, 28-USCS § 2412" (Doc. 32). Plaintiff's counsel requests an award of $11,605.35 broken down as follows: 52.9 hours at $215.81 per hour in attorney fees for a total of $11,416.35; and 2.1 hours at $90.00 per hour in administrative fees for a total of $189.00. (Doc. 32-2 at 4.) Defendant opposes Plaintiff's proposed award as unreasonable based on the number of hours claimed and the suggested attorney fee rate. For the reasons discussed below, the Court will grant Plaintiff's motion as modified and will award a total of $8,664.06.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named defendant in place of the former Acting Commissioner of Social Security, Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party").

## II. Procedural and Factual Background

Plaintiff filed his Complaint in the above-captioned action on May 4, 2018, seeking judicial review of the adverse decision rendered on December 18, 2017, by the Acting Commissioner of Social Security regarding Plaintiff's application for Social Security Disability benefits. (Doc. 1 at 1; Doc. 10 at 2.) By Report and Recommendation ("R&R") of August 29, 2019, Magistrate Judge Martin C. Carlson recommended that Plaintiff's request for a new administrative hearing should be granted, the final decision of the Commissioner denying Plaintiff's claims should be vacated, and the case should be remanded to the Commissioner to conduct a new administrative hearing pursuant to sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Doc. 31 at 28.) The Court adopted the R&R by Order of October 25, 2019, and remanded the matter to the Commissioner to conduct a new hearing. (Doc. 36.)

On October 3, 2019, Plaintiff filed the Application for Attorney Fees Under the Equal Access to Justice Act, 28-USCS § 2412 (Doc. 32) under consideration here. On the same date, Plaintiff filed another document identified simply as "Motion" which states the following in total: "AND NOW, the Plaintiff, by his attorney, Stephen J. Hogg, Esquire, respectfully requests the Court to award a cost of living increase to $215.81 per hour." (Doc. 33 at 1.) On October 16, 2019, Defendant filed Defendant's Objection to Plaintiff's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) (Doc. 35), objecting to the number of hours claimed and the hourly rate. Plaintiff filed a reply brief on November 7,

2019, defending his original request as to the number of hours but not contesting Defendant's suggested hourly rate structure. (Doc. 37 at 1-3.)

### III. LEGAL STANDARD

The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)). A plaintiff in a social security appeal to a district court who wins a sentence-four remand order is a prevailing party.[2] *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing *Hudson, Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782 (1989)). Prevailing party status is "obtained '[i]f the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.'" *Shalala*, 509 U.S. at 302 (quoting *Garland*, 489 U.S. 791–92). "The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable

---

[2] Sentence four of 42 U.S.C. § 405(g), consists of "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" while sentence six authorizes a remand of the matter to the Commissioner for the taking of new material evidence when "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

3

person.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Fees awarded pursuant to the EAJA must be "reasonable." 28 U.S.C. §§ 2412(b), (d)(2)(A). After noting that "[i]deally . . litigants will settle the amount of a fee," the Supreme Court stated that

> the fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates.[3] The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley v. Eckerhart*, 461 U.S. 424, 437(1983). Though a district court has broad discretion in determining the appropriate amount of a fee award, it is well-established that a district court cannot *sua sponte* order a reduction in what it perceives to be an excessive fee—the opposing party must provide a specific objection to the request. *U.S. v. Eleven Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000).

---

[3] Where the Government claims substantial justification for its position,

> the government bears the burden of demonstrating substantial justification. . . . To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. . . . Furthermore, a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits. . . . Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law.

*Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324–25 (3d Cir. 2010) (internal citations and quotations omitted).

4

## IV. ANALYSIS

As noted above, Plaintiff's counsel requests an award of $11,605.35 broken down as follows: 52.9 hours at $215.81 per hour in attorney fees for a total of $11,416.35; and 2.1 hours at $90.00 per hour in administrative fees for a total of $189.00. (Doc. 32-2 at 4.) Defendant opposes Plaintiff's proposed award and asserts that the Court should award no more than $8,465.97 in attorney and administrative fees. (Doc. 35 at 1.) The basis for Defendant's reduction is twofold: the number of hours worked should be reduced because counsel includes hours for work done prior to the preparation of the Complaint which are not compensable under the Equal Access to Justice Act ("EAJA") (Doc. 35 at 3), and the attorney fee rate should be reduced because the requested rate does not reflect historic rates (*id.* at 5).[4]

### A. Hours Worked

In support of the objection regarding the number of hours worked, Defendant contends that

> [t]he EAJA statute requires that the requested fees be incurred for purposes of a civil action. 28 U.S.C. § 2412(d); *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991). *See also Guthrie v. Schweiker*, 718 F.2d 104, 107-08 (4th Cir. 1983) (providing that "the district court can consider only services in connection with the judicial proceedings."). Therefore, work on a case prior to preparation of the complaint should not be compensated under the EAJA. *See Melkonyan*, 501 U.S. at 94, 97. Accordingly, no time should have been billed for these pre-complaint tasks.

---

[4] Defendant questions the $90.00 per hour administrative rate (Doc. 35 at 6 n.2) but ultimately uses that rate to calculate the award it deems appropriate (*id.* at 10).

5

(Doc. 35 at 3-4.)

Plaintiff does not directly address Defendant's argument but replies that eliminating the 13.3. hours suggested by Defendant "would mean that plaintiff's attorneys in Social Security Disability appeals could not spend any time prior to filing the complaint in Federal Court in determining whether there was any merit to do so." (Doc. 37 at 1-2.) Plaintiff adds, without citation, that for "cases in which the claimant was represented by another attorney through the administrative level, there must be an adequate allowance for time spent in reviewing medical records, administrative records and the hearing transcript prior to filing a complaint." (Doc. 37 at 2.) As to this case, Plaintiff avers that

> [i]n addition to the review time prior to filing the complaint, the undersigned spent a considerable amount of time in communication with the Appeals Council necessitated by the Appeals Council's failure to notify the Plaintiff and the undersigned that the Appeals Council declined to grant the Plaintiff's Request for Review.Without this time spent, a complaint would not have been considered timely as the complaint was filed May 3, 2018 and the Appeals Council decision was December 8, 2017.

(Doc. 37 at 2.)

Section 2412(d)(1)(A) set out above specifically provides that costs and fees are to be awarded "in any civil action." The Supreme Court stated in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), that it considered the issue of "whether, under § 2412(d), a 'civil action' could include administrative proceedings so that a claimant could receive attorney's fees for work done at the administrative level following a remand by the district court" in *Sullivan v.*

6

*Hudson,* 490 U.S. 877 (1989). 501 U.S. at 96-97. *Melkonyan* added that in *Hudson* the Court

> explained that certain administrative proceedings are "so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." *Id.* at 892. There, the Court "defined the narrow class of qualifying administrative proceedings to be those 'where 'a suit has been brought in a court,' *and* where 'a formal complaint within the jurisdiction of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings.*" *Ibid.* (emphasis added). *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level. *Ibid.*

*Melkonyan,* 501 U.S. at 97.

In *Webb v. Bd. of Educ.,* 471 U.S. 234 (1988), the Supreme Court stated that the starting point for calculating the fee includes the time "reasonably expended on the litigation." *Id.* at 242 (internal quotation marks omitted). The Court further noted that some "services performed before ... the filing of a complaint are performed 'on the litigation,'" including "the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Id.* at 243.

Defendant correctly cites *Melkonyan* for the proposition that "[t]he EAJA statute requires that the requested fees be incurred for purposes of civil litigation." (Doc. 35 at 3.) However, Defendant is incorrect that *Melkonyan* supports his conclusion that "work on a case prior to preparation of the complaint should not be compensated under the EAJA [and] no time should have been billed for these pre-complaint tasks." (Doc. 35 at 3-4). Rather

7

than a bright-line starting point eliminating fees for any pre-complaint activity, relevant authority indicates that the reviewing court must look at what services were rendered "in connection with" the judicial proceedings which includes pre-complaint work.

Pursuant to 28 U.S.C. § 2412(d)(1)(A) and relevant precedent, here Plaintiff is not entitled to an award of fees and costs for matters related to the administrative proceedings leading up to the filing of this civil action. However, Plaintiff is entitled to time spent in preparation of the filing of the complaint and development of the theory of the case. *Webb*, 471 U.S. at 243. A review of the Hourly Breakdown provided by Plaintiff's counsel indicates that he received and reviewed the Appeals Council's adverse decision on December 8, 2017. (Doc. 32-2 at 7.) Because, logically, a review of the Appeals Council's denial of Plaintiff's request for review of the ALJ Decision is the first step in the decision to file an appeal in district court and commences "the work associated with the development of the theory of the case," *id.*, the Court concludes that Plaintiff's counsel's review of that decision and the time expended thereafter are "services performed before ... the filing of a complaint" which were "performed 'on the litigation,'" *id.*. Thus, the Court rejects Defendant's argument that only the half-hour billed to administrative time to "Prepare/File Complaint" should be allowed for the pre-complaint time period. (*See* Doc. 35 at 4.)

Regarding the attorney and administrative time expended before December 8, 2017, i.e., from September 23, 2016 through November 28, 2017, the Court concludes that this time is not compensable in that the need for litigation did not arise until the Appeals Council

denied Plaintiff's request for review. Therefore, time attributed to review of the ALJ Decision and other administrative matters was not time spent on the district court litigation. With this determination, 11.9 hours of attorney time and .4 hours of administrative time will be deducted from the total hours for which compensation is sought. Plaintiff will be awarded fees for 41 hours of attorney time rather than the 52.9 hours requested, and he will be awarded fees for 1.7 hours of administrative time rather than the 2.1 hours requested.[5]

## B. Hourly Rate

Defendant maintains that Plaintiff's counsel has requested current rather than historic rates and fees must be calculated using the cost of living multiplier for the year in which the fees were incurred. (Doc. 35 at 6 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Hyatt v. Apfel*, 195 F.3d 188, 191 (4th Cir. 1999)).) Defendant also asserts that Plaintiff has made an improper application of the proper formula in arriving at the requested rate of $215.81 per hour. (*Id.* at 6-7 (citing *Ramon-Sepulveda* v. INS, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988)).) Plaintiff does not refute Defendant's arguments in his reply brief but rather applies the rates suggested by Defendant to the original number of hours requested. (*See* Doc. 37 at 2.)

---

[5] Though the Court cannot ascertain precisely what time Plaintiff refers to with his assertion regarding the Appeals Council's failure to notify Plaintiff of its decision, *see supra* p. 6 (citing Doc. 37 at 2), insofar as that time post-dated December 8, 2017, the date of the Appeals Council's decision, Plaintiff will be compensated for it.

Defendant calculates attorney fees on a monthly basis beginning in July 2018, the date of the first entry following the administrative filing of the Complaint. (Doc. 35 at 7; Doc. 32-2 at 2-3.) $204.11 per hour is the identified rate for July 2018 with rates thereafter ranging from $203.84 per hour to $207.74 per hour. (Doc. 35 at 7.) Multiplying the identified monthly rate by the number of hours expended during the relevant time period, Defendant asserts that Plaintiff would be entitled to a total of $8,339.97 using historic rates. (Doc. 35 at 8-9.)

Because Plaintiff does not dispute Defendant's rate calculation, the Court will accept the assertion that Plaintiff is entitled to $8,339.97 in attorney fees for the 40.3 hours expended from July 23, 2018, through August 29, 2019. (*Id.*) However, based on the Court's determination in the previous section of this Memorandum Opinion that Plaintiff is entitled to an award of attorney's fees beginning with counsel's review of the Appeals Council's decision on December 8, 2017, Plaintiff is entitled to an additional .7 hours in attorney time expended from December 8, 2017 through April 11, 2018. The Court will calculate this time at the $204.11 per hour identified for July 2018. Therefore, Plaintiff will be awarded an additional $171.09 for a total attorney fee award of $8,511.06.

As noted above, *see supra* p. 2 n.2, though Defendant criticizes the $90.00 per hour administrative rate requested by Plaintiff (Doc. 35 at 6 n.2), Defendant uses that rate to calculate the award he deems appropriate (*id.* at 10). Therefore, the Court will award compensation for 1.7 hours of administrative time at $90.00 per hour for a total of $153.00.

This results in a total award of $8,664.06. As noted by Defendant, this award is to be made to Plaintiff and the Court will award payment of fees directly to Plaintiff but mailed to counsel's office.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, 28-USCS § 2412" (Doc. 32) will be granted as modified. Plaintiff will be awarded a total of $8511.06 in attorney fees and $153.00 in administrative fees for a total of $8,664.06. A separate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge